```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :
                                                            :
PIERSON LAKES HOMEOWNERS                                    :    Bankr. Case No. 18-22463-rdd
ASSOCIATION, INC.,                                          :
                                                            :
                    Debtor.                                 :
                                                            :
------------------------------------------------------------X
                                                            :
PIERSON LAKES HOMEOWNERS                                    :
ASSOCIATION, INC.,                                          :
                                                            :
                    Plaintiff,                              :
                                                            :    Adv. Pro. No. _____
         -against-                                          :
                                                            :
PIERSON PROJECT, L.L.C., POTAKE LAKE,                       :
L.L.C., AND ROCK HILL, L.L.C., D/B/A ROCK                   :
HILL PROJECT,                                               :
                                                            :    COMPLAINT
                                                            :
                    Defendants.                             :
                                                            :
------------------------------------------------------------X
```

Pierson Lakes Homeowners Association, Inc. ("PLHA"), the debtor and debtor-in-possession in the above-captioned chapter 11 case ("Chapter 11 Case"), as and for its complaint against Pierson Project L.L.C., Potake Lake, L.L.C., and Rock Hill, L.L.C. d/b/a Rock Hill Project (collectively, "Sponsors"), states as follows upon knowledge of its own acts and upon information and belief as to all other matters:

## SUMMARY OF ACTION

1. This adversary proceeding seeks a declaratory judgment determining the disputes between the Sponsors and the PLHA concerning (i) ownership of a causeway spanning a portion of Cranberry Lake ("Causeway"); (ii) which of the PLHA and Sponsors is responsible for the ongoing maintenance and repair of the Causeway; (iii) whether the Causeway must be improved

to become capable of carrying vehicular traffic; and (iv) if such improvements are required, which of the PLHA and Sponsors is responsible for paying for such improvements.

2. The Sponsors maintain that the PLHA owns the Causeway and has the duty to construct, repair and maintain the Causeway as a fully functional vehicular road connecting Phase I and Phases II and III of the Development (as defined below).

3. Upon information and belief, the Sponsors rely upon a written agreement between the PLHA and the Sponsors (defined below as the "2004 Agreement") to support their contention that the PLHA owns and has the duty to maintain the Causeway.

4. In contrast, the PLHA maintains that the 2004 Agreement does not, even remotely, confer ownership of the Causeway or any associated maintenance obligations upon the PLHA.

5. Instead, the PLHA contends that the original offering plan for the Development provides that the Causeway is owned by the original sponsor, Ramapo Land Company ("Ramapo"). When the Sponsors succeeded Ramapo, the Sponsors became the owner of the Causeway and the party obligated to fully maintain it.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1334.

7. This adversary proceeding relates to the Chapter 11 Case pending in this Court.

8. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

9. The PLHA consents to the entry of judgment by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

10. Venue is this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The statutory predicates for the relief requested herein are 28 U.S.C. § 2001, *et seq*. (the "Declaratory Judgment Act") and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

**PARTIES**

12. The PLHA is a not-for-profit corporation organized under the laws of the State of New York.

13. On March 27, 2018 (the "Petition Date"), the PLHA filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York, seeking protection under chapter 11 of the United States Bankruptcy Code.

14. Upon information and belief, Pierson Project, L.L.C. ("Pierson") is a limited liability corporation formed and existing under the laws of the State of New Jersey and authorized to conduct business in the state of New York. Upon information and belief, Pierson maintains its principal office care of Byron-Hill Homebuilders New Jersey LLC, 42 Vanderburg Road, Marlboro, New Jersey 07746.

15. Upon information and belief, Potake Lake, L.L.C. ("Potake") is a limited liability corporation formed and existing under the laws of the State of New Jersey and authorized to conduct business in the state of New York. Upon information and belief, Potake maintains its principal office at 770 Ridge Road, Monmouth Junction, New Jersey 08852.

16. Upon information and belief, Rock Hill, L.L.C. ("Rock Hill") is a limited liability corporation formed and existing under the laws of the State of New Jersey and authorized to conduct business in the state of New York. Upon information and belief, Rock Hill does business

as Rock Hill Project and maintains its principal office care of Byron-Hill Homebuilders New Jersey LLC, 42 Vanderburg Road, Marlboro, New Jersey 07746.

## BACKGROUND FACTS

17. The PLHA is the homeowners' association for an exclusive residential development located in Sloatsburg, New York (the "Development").

18. In October 2002, title to certain unsold lots in the Development was transferred from Ramapo, the original sponsor, to the Sponsors.

19. The Sponsors are the successor sponsors of the Development, which consists of three (3) separate phases.

20. From 2002 through approximately 2006, the Sponsors built and sold high-end, luxury estate homes in Phase I of the Development.

21. Phase I is comprised of twenty-seven (27) lots owned by individual homeowners (the "Homeowners"). Two (2) additional lots are physically located outside of Phase I's geographic boundary and obtain services from the Debtor for which the owners of those two lots pay monthly dues.

22. Phases II and III of the Development are owned by the Sponsors and consist of forty-nine (49) approved undeveloped lots. The Sponsors also own one (1) developed lot (Lot 12) situated in Phase I.

23. In anticipation of the closing of title on Phase III of the Development, the Sponsors and the PLHA entered into an agreement dated April 6, 2004 (the "2004 Agreement").

24. Pursuant to the 2004 Agreement, Potake agreed to transfer title of Cranberry Lake and the dam and spillway for Cranberry Lake to the PLHA when the Sponsors obtained final subdivision approval for Phases II and III of the Development.

4

25. Paragraph "9" of the 2004 Agreement required Potake to deliver to the PLHA a form of deed to Cranberry Lake, dam and spillway. The form of deed was to be prepared by Sponsors' counsel and held in escrow until ten (10) days after the title on Phase III was transferred from Ramapo to Potake (the "Cranberry Lake, Dam and Spillway Deed").

26. Paragraph "9" of the 2004 Agreement further provides that upon the Sponsors' delivery of the Cranberry Lake, Dam and Spillway Deed, the PLHA would assume sole responsibility "for all rights and obligations, including maintenance and repair obligations for Cranberry Lake, the Cranberry Lake dam, the spillway, and all appurtenant facilities…"

27. The Sponsors contend that the Causeway is an "appurtenant facility" to Cranberry Lake, the dam, and the spillway, such that the Causeway was conveyed to the PLHA in 2004.

28. The PLHA contends that "Causeway" is not an "appurtenant facility." Instead, "Causeway" was a separate term defined to mean an existing road. The PLHA contends that the term "Causeway" was understood by the PLHA and the Sponsors during their negotiations and that if the parties intended to convey the Causeway by the Cranberry Lake, Dam and Spillway Deed, then the parties would have specifically included the term "Causeway" in the deed.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

29. The PLHA repeats and realleges the allegations set forth in paragraphs "1" through "28" hereof with the same force and effect as if fully set forth herein.

30. The PLHA believes that (i) the Causeway is owned by the Sponsors, which as the Causeway's owners have the obligation to maintain it; (ii) the Causeway need not be improved to become capable of carrying vehicular traffic; and (iii) if such improvements are required, the Sponsors are responsible for paying for such improvements.

5

31. The PLHA is informed and believes that the Sponsors contend that (i) the Causeway is owned by the PLHA, which as the Causeway's owner has the obligation to maintain it; (ii) the Causeway is required to be improved to become capable of carrying vehicular traffic; and (iii) the PLHA is responsible for paying for such improvements.

32. Thus, an actual and justiciable controversy exists between the PLHA and the Sponsors as to (i) the ownership of the Causeway (ii) which party is responsible for maintenance and repair of the Causeway; (iii) whether the Causeway must be improved to become capable of carrying vehicular traffic; and (iv) if such improvements are required, which of the Sponsors and the PLHA is responsible for paying for such improvements.

33. The Court has authority pursuant to the Declaratory Judgment Act to issue declaratory relief because this controversy is actual and justiciable and the Court has jurisdiction over matters affecting property which may be owned by the PLHA's estate, and the effective and equitable administration thereof.

34. The PLHA is entitled to a declaratory judgment that Sponsors are the owners of the Causeway and are responsible for the maintenance and repair of the Causeway.

**WHEREFORE**, the PLHA respectfully requests that the Court grant the following relief:

(a) A judgment declaring that (i) the Causeway is owned by the Sponsors; (ii) the Sponsors are obligated to maintain and repair the Causeway; (iii) the Causeway need not be improved to become capable of carrying vehicular traffic; and (iv) in the alternative, if such improvements are required, the Sponsors are responsible for paying for such improvements; and

(b) Such other and further relief as the Court deems just and proper, including but not limited to the PLHA's costs and reasonable attorneys' fees and expenses.

Dated: New York, New York
       April 19, 2019

                              GOETZ FITZPATRICK LLP
                              *Attorneys for Pierson Lakes*
                              *Homeowners Association, Inc.*

By: /s/ Gary M. Kushner
      Gary M. Kushner
      A Partner of the firm
      Scott D. Simon
      One Penn Plaza – 31st Floor
      New York, NY 10119
      (212) 695-8100
      gkushner@goetzfitz.com
      ssimon@goetzfitz.com

t:\scottdsimon\pierson lakes\adversary proceeding against sponsor\final adv.pro. pierson project complaint 4-11-19.doc